UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
(NORTHERN DIVISION)

**VICTOR DYE AND LINDA DYE**                                      **PLAINTIFFS**

**V.**                                         **CIVIL ACTION NO.** 3:23-cv-00487-DPJ-FKB

**DREAMAUTO LOGISTICS, INC.**
**EVGHENHII DANU, TAURUS AUTO**
**GROUP, INC., and ATTLAS CO.**                                   **DEFENDANTS**

## JOINT ANSWER AND DEFENSES

COME NOW Defendants Dreamauto Logistics, Inc., Evghenhii Danue, Taurus Auto Group, Inc. and Attlas Co. (hereinafter referred to collectively as "Defendants"), by and through counsel, and respond to the Complaint filed herein as follows:

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendants, or either of them.

### SECOND DEFENSE

Defendants hereby include, allege and incorporate by reference each and every defense available to them as set forth in Federal Rules of Civil Procedure 8 and 12(b)(1) through (7), inclusive.

### THIRD DEFENSE

For their Answer to the averments of the Complaint and without waiver of any of the Defenses and/or Affirmative Defenses stated herein, Defendants respond to the allegations of the Complaint, paragraph by paragraph, as follows:

## GENERAL ALLEGATIONS

1. Responding to the allegations set forth in paragraph 1 of the Complaint, Defendants admit only that the Complaint is a written document, the terms of which speak for themselves. Any remaining allegations set forth in paragraph 1 of the Complaint that could be construed to seek to impute or impose liability upon Defendants is denied.

2. Admitted.

3. Admitted, among other appropriate venues.

4. Admitted, upon information and belief.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted

11. Admitted.

12. Admitted.

## JURISDICTION

13. Admitted.

14. Admitted.

## FACT OF THE CASE

15. Admitted, upon information and belief.

16. Admitted, upon information and belief.

17. Admitted, upon information and belief.

18. Admitted.

19. Admitted.

20. Responding to the allegations set forth in paragraph 20 of the Complaint, Defendants admit only that Defendant Evghenii Danu, through his company Dreamauto Logistics, Inc., was contracted by Taurus Auto Group to transport a group of vehicles from one location to another. Any remaining allegations set forth in paragraph 20 of the Complaint not specifically admitted to herein are denied.

21. Responding to the allegations set forth in paragraph 21 of the Complaint, Defendants admit only that Defendant Danu contacted Attlas Co. and obtained permission to use the 2022 Dodge Ram pickup he was driving on August 28, 2021. Any remaining allegations set forth in paragraph 21 of the Complaint not specifically admitted to herein are denied.

22. Responding to the allegations set forth in paragraph 22 of the Complaint, Defendants admit only that on August 28, 2021, Defendant Evghenii Danu was traveling west bound on I-20 in a grey 2022 Dodge Ram pickup with a Kaufman trailer and was involved in an accident with the vehicle Plaintiffs occupied. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in paragraph 22 of the Complaint and therefore deny those allegations.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and therefore deny those allegations.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and therefore deny those allegations.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and therefore deny those allegations.

26. The allegations set forth in paragraph 26 of the Complaint including subparts A-L inclusive are denied.

## CAUSES OF ACTION

### COUNT ONE - NEGLIGENCE PER SE AND GROSS NEGLIGENCE

27. Defendants hereby incorporate and adopt all defenses, affirmative defenses and responses to the allegations of the Complaint filed herein.

28. Admitted.

29. The allegations set forth in paragraph 29 of the Complaint, including suparts a. - c., inclusive, are denied.

30. The allegations set forth in paragraph 30 of the Complaint, including suparts a. and b., inclusive, are denied.

31. Denied.

32. The allegations set forth in paragraph 32 of the Complaint, including suparts a. and b., inclusive, are denied.

33. Denied.

34. Denied.

### COUNT II - NEGLIGENCE ENTRUSTMENT BY DEFENDANTS TAURUS AUTO GROUP AND ATTLAS CO.

35. Defendants hereby incorporate and adopt all defenses, affirmative defenses and responses to the allegations of the Complaint filed herein.

36. Denied.

37. Denied.

## COUNT THREE - RESPONDEAT SUPERIOR AND JOINT AND SEVERAL LIABILITY OF DEFENDANTS

38. Defendants hereby incorporate and adopt all defenses, affirmative defenses and responses to the allegations of the Complaint filed herein.

39. Denied.

40 Paragraph 40 of the Complaint does not contain allegations of fact directed to Defendants and therefore no response is required. To the extent the allegations set forth in paragraph 40 of the Complaint are inconsistent with controlling Mississippi law or could be construed to impose or impute liability upon Defendants, those allegations are denied.

41. Denied.

42. Denied.

## COUNT FOUR - RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

43. Defendants hereby incorporate and adopt all defenses, affirmative defenses and responses to the allegations of the Complaint filed herein.

44. Denied.

45. Denied.

## COUNT FIVE - EXTRA-CONTRACTUAL DAMAGES

46. Defendants hereby incorporate and adopt all defenses, affirmative defenses and responses responsive to the allegations of the Complaint filed herein.

47. Denied.

## INJURIES SUSTAINED BY PLAINTIFFS

48. Denied.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint, including subparts a. - c. inclusive, and therefore deny those allegations.

**PRAYER FOR RELIEF**

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint, including subparts a. - c., inclusive, and therefore deny those allegations.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint including subparts a. - c., inclusive, and therefore deny those allegations.

52.     Defendant denies the allegations set forth in the unnumbered paragraph immediately following paragraph 52 of the Complaint.

**FOURTH DEFENSE**

Defendant denies each and every allegation of Plaintiffs' Complaint not specifically admitted or otherwise pled to herein.

**FIFTH DEFENSE**

While Defendants deny that Plaintiffs are entitled to any recovery whatsoever from their Complaint, certain elements or portions of Plaintiffs' claims, if any, are barred or must be reduced by the doctrines of contributory negligence and comparative fault in that the negligence or fault of Plaintiffs or a third party proximately caused or contributed to cause their alleged injuries and damages.

**SIXTH DEFENSE**

Pending the completion of discovery, Defendants state that any injuries or damages alleged by Plaintiffs were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Defendants and for which Defendants are not liable.

**SEVENTH DEFENSE**

Defendants hereby incorporate by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein.  In the event further investigation or discovery reveals the applicability of any such defenses, Defendants reserve the right to seek leave of Court to amend this answer to specifically assert any such defense.  Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

**EIGHTH DEFENSE**

Pending the completion of discovery, Defendants state that the damages, if any, incurred by Plaintiffs are not attributable to any act, conduct or omission on the part of Defendants; Defendants deny that they was negligent in any manner or in any degree with respect to the matter set forth in Plaintiffs' Complaint.

**NINTH DEFENSE**

Pending the completion of discovery, Defendants state that any injuries or damages alleged by Plaintiffs were the result of intervening or superceding events, factors, occurrences or conditions which were in no way caused by Defendants and for which Defendants are not liable.

**TENTH DEFENSE**

While Defendants deny that Plaintiffs are entitled to any recovery whatsoever based on the allegations of their Complaint, to the extent that Plaintiffs' alleged injuries were caused, in whole or

in part, by others, liability must be apportioned pursuant to Mississippi law, including Miss. Code Ann. §85-5-7.

## ELEVENTH DEFENSE

In the event further discovery or investigation reveals the applicability of additional defenses or claims, Defendants reserve the right to seek leave of the Court to amend its Answer to specifically assert any such claims or defenses.

## TWELFTH DEFENSE

Defendants would state that Plaintiffs had a duty to mitigate their damages, if any, and if they have failed to mitigate their damages, then they should not be allowed, as a matter of law or otherwise, to recover any damages resulting from such failure.

## THIRTEENTH DEFENSE

Defendants hereby adopt and incorporate herein by reference any defense or affirmative defense raised by any defendant which is or may be applicable to them.

WHEREFORE, PREMISES CONSIDERED, Defendants asks that the Plaintiffs take nothing, that the Complaint be dismissed, that Defendants be awarded reasonable fees and costs of suit incurred in defending this action and for other relief as the Court deems reasonable under the circumstances.

RESPECTFULLY SUBMITTED, this the 31st day of July, 2023.

          UPSHAW, WILLIAMS, BIGGERS,
          & BECKHAM, LLP

          By: /s/ Steven C. Cookston
          Patrick M. Tatum; MBN: 9852
          Steven C. Cookston, MBN: 99137
          Of Counsel to Defendants Dreamauto Logistics, Inc., Evghenhii Danu, Taurus Auto Group, Inc. and Attlas Co.

OF COUNSEL:

UPSHAW, WILLIAMS, BIGGERS
& BECKHAM, LLP
POST OFFICE DRAWER 8230
GREENWOOD, MISSISSIPPI 38935-8230
TEL:   (662) 455-1613
FAX:   (662) 453-92

## Certificate Of Service

I, Steven C. Cookston, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

Michelle C. Le
Law Offices of Michelle C. Lee, PLLC
16170 Jones Maltsberger Rd.
Suite 108
San Antonio, TX 78247

This the 31st day of July, 2023.

*/s/ Steven C. Cookston*
Steven C. Cookston